UNIVERSAL CREDIT COMPANY, Respondent, *v.* RUTH UGGLA, Doing Business under the Name and Style of BLASDELL GARAGE, Defendant, Impleaded with EVELYN D. FISH, Appellant.

Fourth Department, November 6, 1936.

*Manly Fleischmann,* for the motion.

*Fred S. Withey,* opposed.

PER CURIAM. Upon an appeal to this court we reversed an order of the Special Term striking out the answer of the defendant Fish, and granting summary judgment, and we also reversed the judgment which was entered on said order. (248 App. Div. 848, decided Sept. 30, 1936.) Our reversal was with costs. Plaintiff moves to amend the order of this court, pursuant to which judgment will be entered, as to costs, and asks that the reversal be (1) without costs, or (2) with costs to abide the event, or (3) with ten dollars costs and disbursements.

While the appellant might have appealed from the order authorizing the judgment to be entered on the pleadings, without waiting for the entry of the judgment itself, or after its entry, she did not choose so to do. The judgment had been entered and she appealed not only from it, but also from the order authorizing its entry. Under such circumstances we cannot treat the appeal as one from any order merely, in which instance costs would be in the discretion of the court (Civ. Prac. Act, § 1491), and if allowed,

the amount could be fixed at a sum not exceeding fifty dollars besides disbursements. (Civ. Prac. Act, § 1505.) If we were to so treat this appeal the judgment would still stand, until it was taken care of by a motion at Special Term, or in some other way.

The judgment from which the appeal was taken is a final one, and awards possession of a chattel to the plaintiff. Section 1490 of the Civil Practice Act, therefore, applies. That section provides that, in an action wherein the plaintiff is entitled to costs as of course, which would be the case here if the plaintiff were successful, the respondent has a right to costs upon affirmance, and the appellant upon reversal of the judgment, except that, when a new trial is directed, costs may be awarded to either party absolutely, or to abide the event, in the discretion of the court.

The instant case does not come within the exception. No new trial has been ordered. There has never been any trial whatever; hence there cannot be a new one. Costs on appeal are not, therefore, within the discretion of the court; they are mandatory.

The motion must, therefore, be denied, without costs.

Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Motion to amend as to costs order of September 30, 1936, denied, without costs.